UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL A. BOLDEN,

    Plaintiff,

v.

CASE NO. 10-13561

PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

MICHIGAN DEPARTMENT OF
CORRECTIONS, PATRICIA CARUSO,
DEBRA L. SCUTT[1], JUNE A DAMAN,
BARBARA S. SAMPSON,

    Defendants.

_____/

## ORDER OF SUMMARY DISMISSAL

### I. Introduction

This matter is pending before the Court on the *pro se* civil rights complaint of state prisoner Michael A. Bolden ("Plaintiff"). In the heading of his complaint, Plaintiff names the following defendants: the Michigan Department of Corrections ("MDOC"); MDOC employees Patricia Caruso, Debra L. Scutt, and June A. Daman;[2] and Barbara Sampson, who is the chairperson of the Michigan Parole Board. The complaint and attached exhibits allege that, on or about December 21, 2007, while Plaintiff was a parolee, he was

---

[1] In the caption of his complaint, Plaintiff spelled this person's first name "Debar," but the Court believes the correct spelling is "Debra."

[2] In the body of his complaint, Plaintiff also refers to Kathryn E. Spanburg and Cynthia Partridge as defendants. Spanburg and Partridge are employed by the Michigan Department of Corrections as well.

arrested for carrying a concealed weapon, being felon in possession of a firearm, and possessing a firearm during the commission of a felony. Plaintiff was convicted of the charges in 2008; but his convictions were vacated in 2009. The Michigan Parole Board subsequently held a hearing on the related charge that Plaintiff violated the conditions of parole. A hearing officer concluded that Plaintiff was guilty of engaging in unlawful behavior and possessing a weapon on or about December 21, 2007. As a result, Plaintiff's parole was revoked.

Plaintiff claims that MDOC's Time Computation Unit knowingly wrote false time computation records, which were given to the Michigan Parole Board. Plaintiff contends that the defendants' conduct deprived him of his personal liberty and forced him to serve more time than he is required to serve. He seeks declaratory, injunctive, and monetary relief under 42 U.S.C. § 1983.

## II. Standard of Review

Plaintiff has been granted leave to proceed without prepayment of the filing fee for this action due to his poverty. An indigent prisoner's civil rights complaint, or any portion of it, may be dismissed if the complaint seeks redress from a governmental entity, officer, or employee and (1) is frivolous, malicious, or fails to state a claim for which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001) (citing 28 U.S.C. §§ 1915(e)(2) and 1915A). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831-32 (1989). While

a complaint need not contain "detailed factual allegations," a plaintiff's obligation to provide grounds entitling him to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007) (internal and end citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 555-56, 127 S. Ct. at 1965 (citations and footnote omitted).

### III. Discussion

"To state a claim under § 1983, a plaintiff must set forth facts that, when construed favorably, establish: 1) the deprivation of a right secured by the Constitution or laws of the United States; 2) caused by a person acting under the color of state law." *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009) (citing *Dominguez v. Correctional Medical Services,* 555 F.3d 543, 549 (6th Cir. 2009)). Plaintiff's claims regarding the computation of his sentence and the Parole Board's decision to revoke his parole are not cognizable under § 1983. "[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release . . . ." *Heck v. Humphrey*, 512 U.S. 477, 481, 114 S. Ct. 2364, 2369 (1994) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 488-90, 93 S. Ct. 1827, 1835-37 (1973)).

Plaintiff has no right to money damages under § 1983 unless the order or judgment holding him in custody has been reversed, expunged, or invalidated by state officials or impugned by a federal court on habeas corpus review. *Heck*, 512 U.S. at 486-87, 114 S.

Ct. at 2372. *Heck* applies to challenges to the computation of a prisoner's sentence, *Clemente v. Allen*, 120 F.3d 703, 705 (7th Cir. 1997), and to parole revocation proceedings, *Norwood v. Michigan Dep't of Corr.*, 67 F. App'x 286, 287-288 (6th Cir. 2003). *Heck* and its progeny, when "taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation)– no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)– *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82, 125 S. Ct. 1242, 1248 (2005) (emphasis in original).

Plaintiff has not shown that the computation of his sentence or the Parole Board's decision to revoke his parole has been invalidated by state officials or impugned by federal officials on habeas corpus review, and success in this action would demonstrate the invalidity of his confinement. Therefore, Plaintiff's complaint is legally frivolous and fails to state a claim for which relief may be granted.

Plaintiff's allegations against MDOC and the Michigan Parole Board are frivolous and fail to state a claim for an additional reason: the Eleventh Amendment bars civil rights actions against a state and its agencies and departments unless the state has waived its immunity and consented to suit or Congress has abrogated that immunity. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66, 109 S. Ct. 2304, 2309-10 (1989). "The state of Michigan . . . has not consented to being sued in civil rights actions in the federal courts," *Johnson v. Unknown Dellatifa,* 357 F.3d 539, 545 (6th Cir. 2004) (citing *Abick v.*

*Michigan*, 803 F.2d 874, 877 (6th Cir. 1986)), and Congress did not abrogate state sovereign immunity when it passed § 1983. *Chaz Const., LLC v. Codell*, 137 F. App'x 735, 743 (6th Cir. 2005). Furthermore, Eleventh Amendment immunity "bars all suits, whether for injunctive, declaratory or monetary relief, against the state and its departments . . . ." *Thiokol Corp. v. Dep't of Treasury*, 987 F.2d 376, 381 (6th Cir. 1993).

### IV. Conclusion

For the reasons set forth above, the Court concludes that Plaintiff's complaint lacks an arguable basis in law and fails to state a claim for which relief may be granted.

Accordingly,

**IT IS ORDERED**, that Plaintiff's complaint is summarily dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b);[3]

**IT IS FURTHER ORDERED**, that if Plaintiff elects to appeal this decision, he may not proceed without prepayment of the fees and costs on appeal because an appeal would be frivolous and could not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445, 82 S. Ct. 917, 921.

DATE:    s/PATRICK J. DUGGAN
         UNITED STATES DISTRICT JUDGE

Copy mailed to:
Michael A. Bolden, #175297
G. Robert Cotton Correctional Facility

---

[3] A dismissal under *Heck* is without prejudice. *See Callihan v. Schneider*, 178 F.3d 800, 804 (6th Cir.1999).

5

3500 N. Elm Road
Jackson, MI 49201